**FILED**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

2018 APR 18 AM 11: 31

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

ROBERT HERNANDEZ and MARIA
HERNANDEZ,

     Plaintiffs,

    -v-

SYNCHRONY BANK,

     Defendant.

_____/

CASE NO.:   5:18-cv-185-OC 30PRL

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     COMES NOW Plaintiffs, ROBERT HERNANDEZ (individually "MR. HERNANDEZ") and MARIA HERNANDEZ (individually "MRS. HERNANDEZ") (collectivley "Plaintiff's"), by and through the undersigned counsel, and sues Defendant, SYNCHRONY BANK, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

**INTRODUCTION**

     1.    The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

     2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

     3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they

1

force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.     The alleged violations described herein occurred in Lake County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

### FACTUAL ALLEGATIONS

9.     Plaintiffs are natural persons, and citizens of the State of Florida, residing in Lake County, Florida

10.     Plaintiffs are "consumers" as defined in Florida Statute § 559.55(8).

11.     Plaintiffs are "alleged debtors."

12.     Plaintiffs are the "called parties." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant is a corporation which was formed in Utah with its principal place of business located at 170 W Election Road, Suite 125 Draper, Utah 84020 and conducts business in the state of Florida.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     Defendant is a "creditor" as defined in Florida Statute §559.55(5)

16.     Defendant called Plaintiffs on their respective cellular telephones approximately four hundred (400) times in an attempt to collect a debt.

17.     Defendant attempted to collect an alleged debt from Plaintiffs by this campaign of telephone calls.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system"

which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiffs will testify that they knew it was an auto-dialer because of the vast number of calls they received and because they heard a pause when they answered their telephones before a voice came on the line and they received prerecorded messages from Defendant.

19.     Plaintiff, MR. HERNANDEZ is the subscriber, regular user and carrier of the cellular telephone number (352) ***-3941, and was the called party and recipient of Defendant's calls.

20.     Plaintiff, MRS. HERNANDEZ, is the regular user and carrier of the cellular telephone number (352) ***-9988, and was the called party and recipient of Defendant's calls.

21.     Upon receipt of the calls from Defendant, Plaintiffs' caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers: (770) 238 – 1941, (972) 512 – 3472, (330) 433 – 5039.

22.     On several occasions over the last four (4) years Plaintiffs instructed Defendant's agents/representatives to stop calling their respective cellular telephones.

23.     In or about January 2018, and on many other occasions MR. HERNANDEZ answered a call from Defendant to his aforementioned cellular telephone number. After a brief pause MR. HERNANDEZ was connected to a live agent/representative of Defendant and informed the agent/representative that the telephone calls were harassing and demanded they cease calling his cellular telephone number.

24.     MR. HERNANDEZ's conversation with Defendant's agent/representative wherein she demanded the cessation of calls were in vain as Defendant continues to bombard him with automated calls unabated.

25.     In or about January 2018, and on many other occasions MRS. HERNANDEZ answered a call from Defendant. MRS. HERNANDEZ spoke to an agent/representative of Defendant and informed them that the calls to her cellular telephone number were harassing and demanded the calls to her cellular telephone number cease immediately.

26.     Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiffs on their respective cellular telephones, Defendant continues to place automated calls unabated.

27.     Defendant intentionally harassed and abused Plaintiffs on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can be expected to harass.

28.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

29.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephones in this case, with no way for the consumer, Plaintiff's, or Defendant, to remove the number.

30.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiffs; despite these individuals explaining to Defendant they wish for the calls to stop.

31.     Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

32.     Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

33.     Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

34.     Defendant's corporate policy provided no means for Plaintiffs to have their numbers removed from Defendant's call list.

35.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

36.     Not a single call placed by Defendant to Plaintiffs were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37.     Defendant willfully and knowingly violated the TCPA with respect to Plaintiffs.

38.     From each and every call placed without consent by Defendant to Plaintiffs' respective cellular telephones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

39.     From each and every call without express consent placed by Defendant to Plaintiff's cellular telephones, Plaintiffs suffered the injury of occupation of their cellular telephone lines and cellular telephones by unwelcome calls, making the telephones unavailable for legitimate callers or outgoing calls while the telephones were ringing from Defendant's calls.

40.     From each and every call placed without express consent by Defendant to Plaintiffs' cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the telephones and deal with missed call notifications and call logs that reflected the unwanted calls.

This also impaired the usefulness of these features of Plaintiffs' respective cellular telephones, which are designed to inform the user of important missed communications.

41.     Each and every call placed without express consent by Defendant to Plaintiffs' respective cellular telephones was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the telephones and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' respective cellular telephones, which are designed to inform the users of important missed communications.

42.     Each and every call placed without express consent by Defendant to Plaintiffs' respective cellular telephones resulted in the injury of unnecessary expenditure of Plaintiffs' respective cellular telephones battery power.

43.     Each and every call placed without express consent by Defendant to Plaintiffs' respective cellular telephones where a voice message was left which occupied space in Plaintiffs' telephones or network.

44.     Each and every call placed without express consent by Defendant to Plaintiffs' respective cellular telephones resulted in the injury of a trespass to Plaintiffs' chattel, namely their cellular telephones and their cellular telephone services.

45.     As a result of the calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs were also affected in a personal and individualized way by stress, anxiety, and embarrassment.

## COUNT I
**(Violation of the TCPA)**

46.     Plaintiffs fully incorporates and re-alleges paragraphs one (1) through forty five (45) as if fully set forth herein.

47.     Defendant willfully violated the TCPA with respect to Plaintiffs, especially for each of the auto-dialer calls made to Plaintiffs' respective cellular telephones after Plaintiffs notified Defendant that they wished for the calls to stop.

48.     Defendant repeatedly placed non-emergency telephone calls to Plaintiffs' respective cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiffs respectfully demands a trial by jury on all issues so triable and judgment against SYNCHRONY BANK for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the FCCPA)**

49.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty five (45) as if fully set forth herein

50.     At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

51.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

52.     Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

53.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiffs respectfully demands a trial by jury on all issues so triable and judgment against SYNCHRONY BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Jason R. Derry*

Jason R. Derry, Esquire
Florida Bar No.: 36970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile:  (813) 257-0577
Primary Email: JDerry@ForThePeople.com
Secondary Email: JSherwood@ForThePeople.com
*Attorney for Plaintiff*

9